1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANE VERLIN GHOST,                     )       No. C 15-4908 JSW (PR)
                                        )
              Plaintiff,                )       **ORDER OF DISMISSAL WITH**
                                        )       **LEAVE TO AMEND**
       v.                               )
                                        )
ALAN STILLMEN, et al.,                  )
                                        )
              Defendants.               )
_____        )

## INTRODUCTION

Plaintiff, an inmate that the Santa Rita County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed *in forma pauperis* in a separate order.  The Complaint is now reviewed pursuant to 28 U.S.C. § 1915A, and it is dismissed with leave to amend within twenty-eight days.

## DISCUSSION

### I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Discussion

Plaintiff claims that he has not received adequate medical care, and he seeks a "brain scan or M.R.I." and an "ultra sound of buttocks and anus," as well as monetary damages." From the allegations in the complaint, it appears that he has been in state prison and is currently in county jail in Santa Rita, California. It further appears that he has mental health issues, that he has been subject to California's Sexually Violent Predator Act, and that he has also been in custody for violating his parole on three occasions. However, it is impossible to discern from the allegations in his complaint when and where the inadequate care took place, what medical care he received and from

whom, and what his medical needs are.  Plaintiff will be given leave to file an amended complaint in which he clarifies these matters.  If these deficiencies are not cured in the amended complaint, this case will be dismissed.

## CONCLUSION

1.  The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 15-4908 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original complaint by reference.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  <u>December 29, 2015</u>

_____
JEFFREY S. WHITE
United States District Judge