IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANE VERLIN GHOST, | ) | No. C 15-4908 JSW (PR) |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| | ) | |
| ALAN STILLMEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

Plaintiff, an inmate that the Santa Rita County Jail, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. The Complaint was reviewed pursuant to 28 U.S.C. § 1915A, and dismissed for failure to state a cognizable claim for relief. Plaintiff was given leave to file an amended complaint, which he has done in a timely fashion. The Court now reviews the First Amended Complaint, and finds that it has not cured the deficiencies in the original Complaint and continues to fail to state cognizable grounds for relief. Accordingly, this case is DISMISSED.

**DISCUSSION**

I.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Discussion

In his original complaint, Plaintiff claimed that he did not receive adequate medical care, and sought a "brain scan or M.R.I.," an "ultra sound of buttocks and anus," and monetary damages." After reviewing the Complaint, the Court found as follows:

> it is impossible to discern from the allegations in his complaint when and where the inadequate care took place, what medical care he received and

from whom, and what his medical needs are.  Plaintiff will be given leave to file an amended complaint in which he clarifies these matters.  If these deficiencies are not cured in the amended complaint, this case will be dismissed.

Plaintiff's First Amended Complaint alleges that he was injured twice in 2012, that he has worn a helmet for a head injury, and that he has received medical care at a hospital for his eyes and his "pelvis area."  He also alleges that he is "fighting" charges of failing to register as a sex offender, and that there are violations of the "Federal Indian Civil Rights Act."  The amended complaint suffers from the same problems as the original complaint.  He does not state where the alleged inadequate medical care took place, who denied or failed to provide such care, or what his medical condition or needs are.  As the amended complaint fails to cure the deficiencies in the original complaint, this case will be dismissed.  Plaintiff's failure to cure these deficiencies also indicates that granting further leave to amend the complaint would be futile.

## CONCLUSION

In light of the foregoing, this case is DISMISSED.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  February 26, 2016

_____
JEFFREY S. WHITE
United States District Judge